**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ladarius MELTON, Defendant–
Appellant.**

**No. 10–5382.**

United States Court of Appeals,
Sixth Circuit.

July 3, 2012.

Before: MARTIN, SUHRHEINRICH, and COLE, Circuit Judges.

PER CURIAM.

Ladarius Melton appeals a district court judgment sentencing him to 160 months of imprisonment for one count of bank robbery.

Melton pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The district court determined that Melton was a career offender under USSG § 4B1.1(a) based in part on his prior conviction under Tennessee law for evading arrest. Melton's evading arrest conviction was charged as a Class E felony. The district court sentenced Melton as a career offender to 160 months in prison. On appeal, Melton argues that the district court erred by concluding that his prior conviction for evading arrest constituted a "crime of violence" under the United States Sentencing Guidelines.

A district court's determination that a prior conviction is a crime of violence under the Guidelines is reviewed de novo. *United States v. Ruvalcaba*, 627 F.3d 218, 221 (6th Cir.2010), *cert. denied*, —— U.S. ——, 131 S.Ct. 2133, 179 L.Ed.2d 920 (2011). In determining whether a conviction is a crime of violence under the Guidelines, we analyze the conviction in the same way we analyze whether a conviction is a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *United States v. Meeks*, 664 F.3d 1067, 1070 n. 1 (6th Cir.2012). Melton's argument that his prior conviction for evading arrest is not a crime of violence under the Guidelines is foreclosed by our decision in *United States v. Doyle*, 678 F.3d 429, 2012 WL 1560394 (6th Cir. May 4, 2012), which held that a conviction under Tennessee law for Class E felony evading arrest is a violent felony under the Armed Career Criminal Act.

The district court's judgment is affirmed.

---

* The Honorable Gordon Jay Quist, United States District Judge for the Western District of Michigan, sitting by designation.